# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GREENLIGHT CAPITAL, INC.,

      Plaintiff/Judgment Creditor,           Case No.: 4:25-mc-00025

v.

JAMES FISHBACK,

      Defendant/Judgment Debtor.

_____/

## *EX PARTE* MOTION FOR ISSUANCE
## OF WRIT OF EXECUTION

Greenlight Capital Inc. ("Judgment Creditor"), hereby moves this Court pursuant to Federal Rule of Civil Procedure Rule 69 for the issuance of a writ of execution against Judgment Debtor James Fishback ("Fishback") and in support hereof states as follows:

1. On March 31, 2025, a final judgment (the "Final Judgment") was entered in favor of the Judgment Creditor and against Fishback by the U.S. District Court for the Southern District of New York. Attached hereto as **Exhibit 1** is a Certified Copy of the Final Judgment.

2. On July 11, 2025, the Final Judgment was registered in this Court pursuant to 28 U.S.C. § 1963. Accordingly, as of July 11, 2025, the Final Judgment has the same effect as a judgment of the District Court for the Middle District of Florida, and is enforceable in Florida. *See* ECF No. 1 (Registration of Foreign

Judgment).

3.      The total amount of the Final Judgment is USD $228,988.71. *See* ECF No. 1-1.

4.      The Final Judgment is unsatisfied.

5.      As such, Judgment Creditor wishes to take steps to enforce the Final Judgment and requests the issuance of a writ of execution.

6.      "The procedure on execution—and in proceedings supplementary to an in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  Fed. R. Civ. P. 69(a)(1). Accordingly, as the Judgment was registered in this Court in the Northern District of Florida, execution will be enforced using the Florida practices for executing judgment.  *Id.*; *see Denmore v. Klone Enters.*, No. 16-61647-CIV, 2020 U.S. Dist. LEXIS 147977 (S.D. Fla. Aug. 14, 2020), report and recommendation adopted sub num. ("Under the rule, the usual recourse is a writ of execution, which will be enforced using the local state practices for executing judgment.").

7.      Fla. R. Civ. P. 1.550 states that "[n]o execution or other process shall issue until the judgment on which it is based has been recorded nor within the time for serving a motion for new trial or rehearing, if a motion for a new trial or rehearing is timely served, until it is determined."

8. Plaintiff has recorded the Final Judgment with the Clerk of the Circuit Court for Madison County Florida on June 2, 2025. The Recorded Judgment is attached hereto as **Exhibit 2**. Plaintiff also registered the Final Judgment with the state of Florida and obtained a Judgment Lien Certificate on May 19, 2025. The Judgment Lien Certificate is hereto as **Exhibit 3**.

9. A proposed Writ of Execution is attached hereto as **Exhibit 4**.

10. Further, there is no motion for a new trial or rehearing pending, nor has such motion been timely served.

WHEREFORE, the Plaintiff/Judgment Creditor respectfully requests that the Court enter an order, granting this motion, and directing the clerk of court to issue a writ of execution in the form attached hereto as **Exhibit 4**.

Dated: July 11, 2025   Respectfully submitted,

**Counsel for Plaintiff/Judgment Creditor**
SEQUOR LAW, P.A.
1111 Brickell Avenue, Ste. 1250
Miami, FL 33131
Tel: (305) 372-8282
Fax: (305) 372-8202

By: */s/ Juan J. Mendoza*
   Juan J. Mendoza
   Florida Bar No.: 113587
   Email: jmendoza@sequorlaw.com
   Miguel E. Del Rivero
   Florida Bar No.: 1018656
   Email: mdrivero@sequorlaw.com