IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Greenlight Capital, Inc.,

  Plaintiff/Judgment Creditor,   Case No.: 6:25-mc-00025-JSS-RMN

v.

James Fishback,

  Defendant/Judgment Debtor.

_____/

## **RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff and Judgment Creditor Greenlight Capital, Inc. ("Greenlight"), respectfully submits this response (this "Response")[1] to the Court's Order To Show Cause, dated July 15, 2025 [ECF. No. 4], why the case should not be dismissed for lack of jurisdiction or transferred to the Northern District of Florida (the "Order to Show Cause") and respectfully states as follows:

## **INTRODUCTION**

Section 1963 of title 28 establishes the ministerial process to register a judgment in a federal district. The registration process establishes Article III jurisdiction. It does not require that the judgment debtor reside in the registering

---

[1] Greenlight seeks to enforce a valid judgment against movable property of the Judgment Debtor that is presently located within this District. Accordingly, Greenlight submits this Response without delay and respectfully requests the Court's consideration of the matter and its Motion for Entry of Writ of Execution on an expedited basis.

district or that its last known address be in that district. Without registration, a judgment cannot be enforced in this District. Accordingly, dismissal or transfer of this matter to the Northern District of Florida would prevent Plaintiff from enforcing the judgment in this District.

## I. Registration is required for enforcement of a foreign judgment in this District

A federal judgment rendered outside of this District, such as the New York judgment Plaintiff seeks to recognize, may not be enforceable in this District unless it is registered under 28 U.S.C. § 1963. Without registration, Plaintiff would be unable to enforce the judgment in this District.[2] *Winter v. Novartis Pharms. Corp.*, 39 F. Supp. 3d 348, 352 (E.D.N.Y. 2014) (holding that it had no authority to enforce a judgment entered in the Western District of Missouri because Plaintiff did not register it).

## II. Plaintiff has complied with the registration requirements under § 1963

Plaintiff has complied with the requirements for registration under section 1963. Under section 1963, "[a] judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district." Once registered in a new district, the

---

[2] Plaintiff has already registered the New York judgment in the Northern District of Florida. However, such registration only allows Plaintiff to enforce the registered judgment in the Northern District of Florida, not this District. Plaintiff seeks to register in this District so that it can proceed with enforcement in this District (not the Northern District).

SEQUOR LAW, P.A.

judgment "shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." *Id.* Procedurally, "registration simply requires 'filing a certified copy of the judgment'" and is "a process which does not require any party to appear in court and in which no judicial action is taken." *Fidelity Nat'l Fin., Inc. v. Friedman*, 935 F.3d 696, 701 (9th Cir. 2019) (quoting 28 U.S.C. § 1963).[3]

Here, Greenlight complied with the requirements outlined by the statute, as well as the requirements provided by the Court,[4] to properly register the judgment in this District. Greenlight filed with the Court a certified copy of the Final Judgment rendered by the U.S. District Court for the Southern District of New York [ECF No.1-1], a signed AO-451 Clerk's Certification of a Judgment to be Registered in Another District [ECF No. 1], a civil cover sheet [ECF No. 1-2], and paid the filing fee for registering a judgment from another district [ECF No. 1]. As a result, the procedural requirements for registration have been satisfied, and because "registration pursuant to that statute" has been properly completed, the statute "provides a new judgment in the court where the judgment has been registered." *See Johnson v. Jimenez*, No. 21-60987-MC-RUIZ/STRAUSS, 2021 U.S. Dist. LEXIS

---

[3] *See also*, *Brown v. Brockett*, No. 17-mc-2931, 2018 WL 3625341, at \*2 (E.D.N.Y. July 6, 2018) ("The registration process itself is straightforward. A party only needs a certified copy of the original judgment.")

[4] *See* https://www.flmd.uscourts.gov/foreign-judgments.

SEQUOR LAW, P.A.

239654, at *6 (S.D. Fla. Dec. 14, 2021). Thus, Greenlight possesses a valid and enforceable judgment in the Middle District of Florida.

Importantly, the statute does not contain other requirements, such as the existence of assets in the district where registration is sought,[5] or that the judgment be recognized in the district where the judgment debtor's last known address is located. After all, registration of a judgment could be made to enforce the judgment in a district where a judgment debtor does not reside but where he may have assets. Requiring that registration occur only where a judgment debtor has its last known address would prevent enforcement of the judgment in other districts where the judgment debtor does not reside but may otherwise have assets.

## III.     Registration of the judgment established jurisdiction

Upon registration of the judgment, the Court obtains subject matter jurisdiction to enforce the judgment. *See, e.g., Universitas Educ., LLC v. Avon Cap., LLC*, 124 F.4th 1231, 1241-42 (10th Cir. 2024) (holding that registration of the judgment under 28 U.S.C. § 1963 established Article III jurisdiction); *Weininger v. Castro,* 462 F. Supp. 2d 457, 490 (S.D.N.Y. 2006) ("Upon registration of the judgment, this Court obtained subject matter jurisdiction over the enforcement proceeding through ancillary jurisdiction to enforce a judgment."); *Rubin v. Islamic*

---

[5] *McCarthy v. Johnson*, 640 F. Supp. 3d 69, 80 (D.D.C. 2022) (holding that section 1963 allows registration of an enforceable judgment "without additional substantive requirements" such as establishing whether assets exist).

*Rep. of Iran*, 456 F. Supp. 2d 228, 2006 WL 2879759, at *1 (D. Mass. 2006) (holding that the Court acquired jurisdiction upon registration of judgment). Further, there is no requirement that the Court have personal jurisdiction over a judgment debtor for the judgment to be registered.[6]

WHEREFORE, Plaintiff respectfully submits that it has showed cause why the case should not be dismissed or transferred from this District and requests that the Court direct the Clerk to issue a Writ of Execution to allow Plaintiff to enforce the judgment in this District.

Date:  July 16, 2025

Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
jmendoza@sequorlaw.com
mdrivero@sequorlaw.com
Telephone:  (305) 372-8282
Facsimile:  (305) 372-8202

By: */s/ Juan J. Mendoza*
       Juan J. Mendoza
       Florida Bar No.: 113587
       Miguel E. Del Rivero
       Florida Bar No.: 1048586

---

[6] *See e.g.*, *Friedman*, 935 F.3d at 700 ("Thus, we hold that § 1963 itself does not require that a court have personal jurisdiction over a judgment debtor in order to register an existing judgment."); *USCC Distribution Co. v. G&S Wireless, LLC*, Civil Action No. RDB-21-0329, 2021 U.S. Dist. LEXIS 106415, at *5 (D. Md. June 7, 2021) ("Section 1963 simply does not require a court to have personal jurisdiction over a judgment debtor in order to register an existing judgment."); *Kraft v. Hatch*, No. 18cv302 JAP/KK, 2018 U.S. Dist. LEXIS 187271, at *6 (D.N.M. Oct. 30, 2018) (same).